IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DELLA OLETA MINK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-08-423-D |
| | ) | |
| J. C. PENNEY CORPORATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is the Plaintiff's Motion to Remand [Doc. No. 8] this action to the District Court of Cleveland County, Oklahoma. Plaintiff also seeks attorney fees and costs, arguing that Defendant did not have a reasonable basis for seeking removal of this action. Defendant has timely filed its response to the Motion.

Plaintiff brought this action to recover damages resulting from a fall at Defendant's retail store in Norman, Oklahoma. Defendant timely removed the case pursuant to 28 U. S. C. § 1441, alleging that this Court has jurisdiction because the action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. Therefore, Defendant alleged, the Court has jurisdiction pursuant to 28 U. S. C. § 1332. In her Motion, Plaintiff concedes that removal was timely and that diversity of citizenship exists. However, she contends that Defendant failed to satisfy its burden of showing facts sufficient to establish the jurisdictional amount.

Because the Petition in this case was filed in state court, the Plaintiff did not allege a specific amount of damages. *See* Okla. Stat. tit. 12 § 2008(A)(2). Instead, pursuant to the Oklahoma statute, Plaintiff seeks damages in an "amount in excess of ten thousand dollars ($10,000.00)." Petition, Exhibit 2 to Notice of Removal [Doc. No. 1]. In the Notice of Removal, Defendant

acknowledges this fact, but it offers additional material to support its contention that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Specifically, Defendant submits as an exhibit to its Notice of Removal a copy of correspondence from Plaintiff's counsel in which Plaintiff offered to settle her claim for $152,500.00 prior to filing the lawsuit. *See* April 3, 2007 letter from Plaintiff's counsel, attached to Notice of Removal as Exhibit 4.

Plaintiff acknowledges the letter and settlement offer, but argues that evidence based on demand letters or settlement negotiations is not sufficient to establish the statutory amount in controversy. In support of her argument, Plaintiff cites several court decisions, including one unpublished decision from the Northern District of Oklahoma. *See Tulsa Foods, Inc. v. Wal-Mart Stores, Inc.*, 2007 WL 649347 (N.D. Okla. 2007).

Subsequent to the filing of the parties' briefs in this case, however, the Tenth Circuit Court of Appeals rejected an argument similar to Plaintiff's. In *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008), the Circuit discussed the burden of proof applicable to removal based on diversity of citizenship, including the materials that could be considered to establish the amount in controversy. 529 F.3d at 955-56. The Circuit expressly held that a plaintiff's settlement proposal may be considered:

> Furthermore, a plaintiff's proposed settlement amount "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.2002). Acknowledging that the use of a settlement offer would not be permissible at trial as evidence to establish " 'liability for or invalidity of the claim or its amount,' " the Ninth Circuit has held that it is permissible for a district court to consider settlement offers when deciding the jurisdictional question. *Id*. at n. 3 (quoting Fed.R.Evid. 408). We agree.

529 F.3d at 956. The Circuit also explained that, although evidence of settlement negotiations would not be admissible at trial, it may be considered in evaluating whether a removing defendant

has presented sufficient evidence of the amount in controversy:

> The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation. <u>To this end, documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability.</u>

*Id.* (Emphasis added).   The Circuit concluded that, based on the removal evidence presented in *McPhail*, the plaintiff's settlement offer was properly considered as evidence of the amount in controversy.

The removal evidence in *McPhail* is similar to Defendant's evidence in this case. The plaintiff in *McPhail* also brought an action in Oklahoma state court and, in compliance with state law, did not plead a specific amount of damages.  In its removal notice, the defendant alleged that the amount in controversy exceeded $75,000.00 exclusive of interest and costs; in support of that allegation, it included e-mails and correspondence in which plaintiff's counsel suggested that the claimed amount might exceed $75,000.00, but refused to stipulate to any amount other than the $10,000.00 required by Oklahoma law.  529 F.3d at 956-57.  The Circuit concluded that, although the plaintiff did not mention a specific amount in controversy, the acknowledgment that it could exceed $75,000.00, coupled with the allegations in the Petition, were "sufficient to support diversity jurisdiction." *Id.* at 957.

In this case, the allegations in the Petition and Plaintiff's estimate of the potential value of her claim are also sufficient to show that the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  Plaintiff alleges that, as a result of Defendant's negligence, she suffered serious personal injury, including a broken arm and dislocated shoulder; she alleges that she has incurred hospital and other medical expenses, and that she has suffered both temporary and

permanent physical impairment, as well as loss of enjoyment of life.  Petition, Exhibit 2 to Notice of Removal, ¶¶ 4 and 6.  These express allegations and her estimate of the value of her claim, as reflected in her counsel's demand letter,  are sufficient to satisfy Defendant's burden of establishing the amount in controversy required for removal.  According to the Circuit, the District Court may remand only if it concludes that it is "legally certain" that "less than $75,000.00 is at stake." *McPhail,* 529 F.3d at 954.   The evidence before the Court precludes that conclusion.

In challenging the propriety of including her settlement offer as evidence of the amount in controversy, Plaintiff also suggests that Defendant "surreptitiously" omitted the fact that  it submitted a counteroffer of only $18,000.00.  That omission is not dispositive.  As the Circuit noted in  *McPhail*, the Plaintiff's own estimate of the damages she claims is properly considered in determining the amount in controversy.  529 F.3d at 956.  That the Defendant's counteroffer was substantially less than the jurisdictional amount does not compel a conclusion that the amount in controversy is less than $75,000.00. There is no requirement that, to satisfy the jurisdictional amount, a removing defendant must agree that the plaintiff may recover that amount.  As the Circuit noted in *McPhail*, a defendant's burden is to submit evidence showing that the case "may involve more than $75,000.00."  529 F.3d at 955.

Furthermore,  Defendant's June 28, 2007 counteroffer reflects that it was based on a list of medical expenses which Plaintiff had incurred as of that date.  *See* June 28, 2007 e-mail communication from Defendant to Plaintiff's counsel, submitted as an unmarked exhibit to Motion to Remand.  The amount in controversy in this case is not limited to those expenses because Plaintiff seeks additional damages. In the Petition, she alleges that  she has also suffered permanent physical impairment, pain and suffering, and loss of enjoyment of life.  Petition, Exhibit 2 to Notice of

Removal at ¶6. Presumably, she included an estimate of those additional damages in her settlement offer. At a minimum, her claim for additional damages must be considered in determining the amount in controversy.

Applying the analysis required by *McPhail*, the Court concludes that Defendant in this case has satisfied its burden of showing that the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. Therefore, removal was proper, and the Motion to Remand [Doc. No. 8] is DENIED. Plaintiff's claim for fees and costs is also DENIED.

IT IS SO ORDERED this  20th  day of August, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE